## State of Vermont
## Superior Court—Environmental Division

============================================================================
# ENTRY REGARDING MOTION
============================================================================

**In re Wood NOV and Permit Applications,**                    Docket No. 138-8-10 Vtec
**(Appeal from Town of Hartford Zoning Board of Adjustment decision)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Town of Hartford v. Wood,**                                 Docket No. 1-1-11 Vtec
**(Municipal enforcement action)**

Title: Motion to Enforce and for Contempt Filed: May 30, 2014

Filed By: William F. Ellis, Attorney for Plaintiff Town of Hartford.

Response in Opposition filed on 6/03/14 by Defendant Marc Wood.

Response in Opposition filed on 7/07/14 by W. Scott Fewell, Attorney for Respondent Susan Wood.


 _X_ Granted                    ___ Denied                    ___ Other

This Court issued its Corrected Merits Decision and Judgment Order on March 27, 2012. That Decision and Judgment Order became final on August 12, 2013, after the Vermont Supreme Court issued its affirmation and denied Defendant Wood's motion for reargument. See In re Wood NOV and Permit Applications, 2013 VT 40, 194 Vt. 190.

By our March 27, 2012 Decision and Order, Defendants were obligated to satisfy certain monetary and injunctive directives. In the pending motion, the Town of Hartford ("Town") alleges that Defendants have failed and refused to satisfy those directives. The Town therefore asks the Court to enforce the Corrected Judgment Order and hold both Defendants in contempt for their failure to satisfy those directives. For the reasons detailed below, we do hereby **GRANT** the Town's motion, conclude that both Defendants are in **CONTEMPT**, and direct that they immediately satisfy their obligations under our Corrected Judgment Order.

In his responsive memorandum, Mr. Wood takes issue with the Town's requests but fails to contest the Town's factual representations. The Town acknowledges that Defendants have paid the principal fine of $51,300.00, but asserts that Defendants have failed to pay the $10,664.76 in interest that accrued on the judgment. Defendants do not contest the Town's representations, but rather assert that they are presently unable to pay the accrued interest and therefore request additional time to pay the remaining amount due in installments.

More troubling is Mr. Wood's response to the Town's assertion that he has failed and refused to satisfy the injunctive directives contained in the Corrected Judgment Order. That Order established specific timelines for Defendants to hire a licensed engineer for the specific purpose of preparing "a plan for the safe removal of the wall and [other] unauthorized improvements on the Diner and Club parcels . . . ." Corrected Judgment Order at 2, ¶ E. The Town has provided numerous extensions of the deadlines by which Defendants were to: (a) disclose the engineer hired to prepare the plan required by the Court's Order; (b) submit the engineer's plan and allow the Town to review and comment upon it; (c) complete the removal work, once approved by the Town; and (d) arrange for their engineer to certify that the removal work was completed according to the approved plans. Id. at 1–3, ¶¶ C–J.

The undisputed facts presented show that Mr. Wood has allowed each deadline and the agreed-upon extensions to pass without complying with the Court's Order. The exhibits presented by Mr. Wood reveal that the engineer he hired may not be aware of the directives of this Court (especially the directive that the offending wall and other structures be removed) and that Mr. Wood, instead, may have hired the engineer to perform services directly counter to the Order. He has refused the Town's request to receive direct verification from the engineer that he is even aware of the terms of the Court's Order.

Mr. Wood continues to assert that his unpermitted and dangerous structures should be allowed to remain on his property, even after nearly fifteen years of disputes with the Town, Court rulings against him, and affirmances of those orders by the Vermont Supreme Court. While Mrs. Wood appears to be less complicit and more of a silent partner in her husband's unpermitted commercial endeavors, she has taken no actions towards conforming to the Court's two-year-old Judgment Order.

For all these reasons, we find both Mr. and Mrs. Wood in **CONTEMPT** of this Court's March 27, 2012 Corrected Judgment Order. In **GRANTING** the Town of Hartford's motion to enforce, we do hereby **ORDER** Mr. and Mrs. Wood to do the following within the next thirty days (i.e.: no later than **12:00 Noon on Friday, September 12, 2014**):

1. Pay to the Town of Hartford the sum of $10,664.76;

2. Provide a full copy of this Court's March 27, 2012 Corrected Merits Decision **and** Judgment Order to their engineers, Souhegan Valley Engineers, Inc., as well as a copy of this Entry Order;

3. Authorize their engineers to speak with any officials designated by the Town, so that the Town may confirm that Defendants' directives conform with this Court's Orders;

4. Fulfill the remaining injunctive provisions of this Court's March 27, 2012 Corrected Judgment Order, using **September 12, 2014 as the final deadline** to calculate all remaining deadlines.

Mr. Wood professes a desire to comply with this Court's Order. His actions contradict his words. He asserts that the Town has defrauded him and the Court, but he offers no specific facts to support that assertion. We find his accusations against the Town not credible.

We have specifically deferred our ruling upon the Town's request to direct that Defendants reimburse the Town for its attorneys' fees and expenses in seeking the Defendants' conformance with this Court's Order. We intend to rule upon that request after we determine whether Defendants cure their contempt, as directed by this Entry Order. We direct that the Town prepare an accounting of all of its past and continuing expenses, so that the Court may review and rule upon the reimbursement of those expenses, if warranted.

_____          _____August 12, 2014_____
        Thomas S. Durkin, Judge                                    Date

========================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

  Appellant/Applicant/Respondent Marc Wood

  William F. Ellis  and  Kimberlee J. Sturtevant, Attorneys for Appellee Town of Hartford

  W. Scott Fewell, Attorney for Respondent Susan Wood